## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FLORA DEATHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-CV-699-R |
| | ) | |
| DOLGENCORP, LLC d/b/a DOLLAR | ) | |
| GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
## AND BRIEF IN SUPPORT TO EXCLUDE TESTIMONY
## OF DEFENDANT'S EXPERT, RUSSELL KENDZIOR

Plaintiff hereby submits her reply to defendant's response [Doc. No. 38] for the court's consideration.

## ARGUMENT AND ATUHORITY

Just because the defendant served a notice to take defendant's expert video trial deposition on plaintiff's counsel [Doc. No. 38-2], does not rectify the deficient expert report. Such an action only compounds the problem. Plaintiff will have to expend the time and money to attempt to prepare for, and attend, the deposition of an expert that plaintiff submits should be precluded from testifying in this case. The scheduling of a deposition by the defendant to secure additional opinions, and the basis for such opinions, that were not expressed in the expert report is not a cure for the expert's failure to comply with Rule 26.

There is no adequate explanation advanced by the defendant in its response why the expert ignored important testimony and facts in arriving at his opinions for this specific litigation as set forth in plaintiff's response to defendant's motion for

summary judgment [Doc. No. 32, pg.'s. 6-9]. Will plaintiff for the first time hear such excuses at the expert's deposition?

An expert's methodology is inherently unsound if it is based on review of only data that has been pre-selected to fit his or her conclusion. "Where an expert's opinion is based on insufficient information, the analysis is unreliable." *Paz v. Brush Engineered Materials Inc., 555 F.3d 383, 388 (5th Cir. 2009); North v. Ford Motor Co., 505 F. Supp. 2d 1113, 1119 (D. Utah 2007)* (excluding expert from testifying because he "relied on incomplete information" and his opinions were therefore unreliable). Expert opinions that do not take into account contrary evidence are particularly suspect. *See Barber v. United Airlines*, **17 F. App'x 433, 437-38 (7th Cir. 2001)** (district court properly excluded unreliable testimony by expert who "did not adequately explain why he ignored certain facts and data" that " 'contradicted his opinion,' " while "accept[ing] . . . testimony and . . . data [that] supported [it]"); *Rimbert v. Eli Lilly & Co.,* **No. CIV 06-0874, 2009 WL 2208570, at \*20 (D.N.M. July 21, 2009)** (excluding expert's opinion as unreliable where she "relie[d] on assumptions ... that [were] questionable at best, and she provide[d] no explanation for ignoring contrary evidence.").

It is also important to note that the jury does not need an expert to explain defendant's policies and procedures or that defendant considers a pallet a trip hazard and that defendant's policies and procedures require it to eliminate all trip hazards. The jury can decide on the totality of the evidence whether the defendant took reasonable steps to eliminate the hazard or whether the plaintiff was comparatively negligent. Expert testimony is unnecessary where it addresses a question the jury is capable of assessing or determining for itself. *Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994).*

In this case, Mr. Kendzoir's "opinions" are a perfect example of the sort of *ipse dixit* condemned by the Supreme Court in **General Electric**; Mr. Kendzoir has not, in truth, applied any scientific or analytic methodology at all. He has simply reviewed a set of selected materials/facts, and has drawn a subjective conclusion that defendant's actions are above reproach and that plaintiff was not paying attention which was the sole cause of her fall. As this District has noted in a similar context:

> "Whatever may have been the standard for admissibility of expert opinions in the pre-*Daubert* era, it is now clear that those opinions are no longer admissible simply by showing that someone is well-educated or experienced in a given area and that he/she has drawn some conclusions about issues in the case. It does not suffice for an expert to say, in effect, 'trust me, I know.' "*Threet v. Corr. Health Care Mgmt. of Oklahoma, 2009 U.S. Dist. LEXIS 96175 at \*13 (W.D. Okla. Oct. 15, 2009) (Heaton, J.).*

That is exactly what Mr. Kendzoir did in his Rule 26 report. Defendant now apparently takes the position that the expert report can be supplemented by the expert's upcoming deposition testimony, to which plaintiff objects. Defendant cannot consider the current Rule 26 report as a preliminary report and then supplement the same by deposition testimony. Federal Rule of Civil Procedure 26(a)(2)(C) requires parties to make expert witness disclosures "at the times and in the sequence that the court orders." Expert witness disclosures must be accompanied by a written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them." ***See Fed. R. Civ. P. 26(a)(2)(B)(i).*** A party who "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." ***See Fed. R. Civ. P. 37(c)(1); see also Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10, 20-21 (1st Cir. 2001)*** ("Rule 37(c)(1) . . . requires the near automatic exclusion of Rule 26 information that is not timely

disclosed."). "Preliminary reports" do not satisfy Rule 26. *See Kern River Gas Transmission Co. v. 6.17 Acres of Land*, **156 F. App'x. 96, 102 (10th Cir. 2005)** (preliminary report does not comply with Rule 26(a)(2)). Parties who file preliminary reports cannot cure the violation by later submitting a more complete report under the guise of "supplementation." *See Jacobsen, 287 F.3d at 951-54* (striking preliminary expert report); *Cohlmia v. Ardent Health Servs., LLC, 254 F.R.D. 426, 433 (N.D. Okla. 2008)* (supplementation does not afford parties "an opportunity to correct fatal defects in the reports they have submitted"); *Magoffe v. JLG Indus., Inc., No. CIV 06-0973, 2008 WL 2967653, at \*23 (D.N.M. May 7, 2008)* ("[S]upplementation of an expert report . . . cannot be used as a pretext to avoid sanctions under [Rule] 37(c)(1).").

It is not clear whether the expert is going to use his testimony to supplement his report based on issues of credibility of the witnesses, however to do so would be inappropriate. "[E]xpert witnesses may not offer opinions on relevant events based on their personal assessment of the credibility of another witness's testimony." *United States v. Scop*, **846 F.2d 135, 142 (2d Cir. 1988)**; *accord Frase v. Henry*, **444 F.2d 1228, 1231 (10th Cir. 1971)**. Credibility determinations fall within the exclusive province of the finder of fact. *See Wilson v. Muckala*, **303 F.3d 1207, 1218 (10th Cir. 2002)** ("The credibility of witness testimony is . . . generally is not an appropriate subject for expert testimony."); *Starforth v. W. Resources, Inc.*, **1996 WL 677084, at \*2 (D. Kan. Oct. 29, 1996)** ("Weighing the testimony of witnesses and assessing their.

## CONCLUSION

The defendant simply cannot overcome its burden of showing that the expert report in this case satisfies the requirements of Rule 26 and the expert's report and opinions should be excluded.

Respectfully Submitted,

    s/Rick W. Bisher
Rick W. Bisher, OBA # 12215
RYAN, BISHER, RYAN & SIMONS
4323 NW 63rd St. Ste 110
Oklahoma City, Oklahoma 73116
Telephone: (405) 528-4567
Facsimile: (405) 525-2123
rbisher@rbrlawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that on April 17, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF Registrant:

Gary W. Farabough (gfarabough@sbcglobal.net)