IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| FLORA DEATHERIDGE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 17-CV-699-R |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment, Doc. 26, regarding medical expenses billed versus incurred. Plaintiff Flora Deatheridge is suing Defendant for injuries she allegedly suffered after a trip and fall at one of Defendant's Dollar General stores. She seeks to submit evidence of "amounts billed for [medical] expenses incurred in [her] treatment"—$62,636.87—and to bar Defendant from submitting statements or testimony concerning the lower "actual amounts paid for any [medical] services," $21,774.70, "as full payment of the obligations."[1] 12 Okla. Stat. § 3009.1(A). The Court declines to rule on the Motion at this time for the following reasons.

The amended 2015 version of 12 Okla. Stat. § 3009.1 governs Plaintiff's personal injury suit filed on June 27, 2017. *See id.* § 3009.1(D); Doc. 1. It reads in relevant part:

> A. Upon the trial of any civil action arising from personal injury, the actual amounts paid for any services in the treatment of the injured party, including

---

[1] Defendant seeks to submit as evidence an affidavit of Jackson County Memorial Hospital's Account Resolution Supervisor, Samantha Miller, attesting that "[o]ther than the balance of $50.70 owed by Mrs. Flora Deatherage, all other charges beyond the $21,724.00 paid by Medicare and Flora Deatherage have been written off by Jackson County Memorial Hospital. Jackson County Memorial Hospital has accepted the amount paid as full payment of the medical charges for treatment." Doc. 35-6.

1

doctor bills, hospital bills, ambulance service bills, drug and other prescription bills, and similar bills shall be the amounts admissible at trial, not the amounts billed for such expenses incurred in the treatment of the party. If, in addition to evidence of payment, a party submits a signed statement acknowledged by the medical provider or an authorized representative or sworn testimony that the provider will accept the amount paid as full payment of the obligations, the statement or testimony shall be admitted into evidence. . . .

. . . .

C. If no bills have been paid, or no statement acknowledged by the medical provider or sworn testimony as provided in subsections A and B of this section is provided to the opposing party and listed as an exhibit by the final pretrial hearing, then the amount billed shall be admissible at trial . . . .

Plaintiff first argues that Defendant waived its ability to offer the actual amount paid under Section 3009.1 by not asserting that affirmative defense in its answer. It is unclear if Section 3009.1 is an affirmative defense. Plaintiff raises the Tenth Circuit's decision in *Racher v. Westlake Nursing Home Limited Partnership* "conclud[ing] that Okla. Stat. tit. 23, § 61.2(B) operates as an affirmative defense, placing the burden on defendants to assert it." 871 F.3d 1152, 1166 (10th Cir. 2017). However, *Racher* only addressed Section 61.2(B), which "caps noneconomic damages at $350,000 unless special findings are made." *Id.* at 1161. Section 3009.1 does not necessarily warrant the same pleading requirement.

Without deciding if Section 3009.1 is an affirmative defense, the Court grants Defendant leave under Federal Rule of Civil Procedure 15(a)(2) to amend its answer and assert 12 Okla. Stat. § 3009.1 by May 3, 3018. Leave is justified because Defendant plausibly argues that Section 3009.1 is not an affirmative defense, and to the extent *Racher* dictates otherwise, the decision came out on September 28, 2017, after Defendant filed its

answer in June. *See* Doc. 3; Fed. R. Civ. P. 6(b)(1)(b); *Bales v. Green*, No. 16-CV-106-GKF-JFJ, 2018 WL 840762, at *3 (N.D. Okla. Feb. 13, 2018) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) ("[G]ood cause may be satisfied . . . 'if the underlying law has changed.'").

Second, Plaintiff argues that the deadline for Defendant to submit exhibits and witnesses expired in March, and "no statement . . . or sworn testimony . . . [wa]s provided to [Plaintiff] and listed as an exhibit"; therefore, only "the amount billed shall be admissible at trial." 12 Okla. Stat. § 3009.1(C). Defendant responds that the statute allows the admission of statements and sworn testimony about the amount actually paid "by the final pretrial hearing," and to the extent the Court finds otherwise, Defendant seeks leave to amend its exhibit list to include the affidavit of Samantha Miller, Jackson County Memorial Hospital's records custodian, discussing the amount paid. *See* Doc. 35, at 9; Affidavit, Doc. 35-6. Defendant also intends to call records custodians from its final witness list to testify that the amount Plaintiff actually paid for medical expenses is $21,774.70. *See* Doc. 20.

Regarding Defendant's ability to submit the Miller affidavit, despite Section 3009.1(C)'s "by the final pretrial hearing" language, the statute merely sets the latest possible disclosure date, subject to the Court's scheduling order. *Id.* The deadline for filing Defendant's final exhibit list passed on March 28, 2018. *See* Doc. 11. Nonetheless, the Court grants Defendant's request to modify the scheduling order and its final exhibit list to add the Miller affidavit—and no other new exhibits—by May 3, 2018. Defendant's

3

plausible misreading of the statute provides "good cause" for modification.[2] Fed. R. Civ. P. 16(b)(4). Further, to the extent Plaintiff takes issue with Miller's affidavit, she can depose Miller by May 1 or seek leave to extend the discovery deadline, and she can file a motion in limine by June 1. *See* Doc. 11.

Regarding Defendants' intention to call hospital records custodians from its final witness list, Section 3009.1(A) expressly states that "sworn testimony that the provider will accept the amount paid as full payment of the obligations . . . shall be admitted into evidence." The Court therefore declines to bar such testimony outright on the basis of Section 3009.1. Again, this does not bar Plaintiff from conducting further discovery related to these custodians' ability to bind medical providers to accept "the amount paid as full payment of the obligations" and later challenging that evidence.

In summary, the Court grants Defendant until May 3, 2018, to amend: (1) its answer (Doc. 3) and assert 12 Okla. Stat. § 3009.1 as an affirmative defense, and (2) its final exhibit list (Doc. 23) to add the Miller affidavit. If Defendant fails to do both, the Court will allow Plaintiff to present the amount billed for medical expenses.

IT IS SO ORDERED this 26th day of April, 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that Defendant neglected to secure the Miller affidavit until after (1) Plaintiff inquired into possible Section 3009.1 statements in discovery and (2) Plaintiff filed for partial summary judgment. Nonetheless, this issue comes as no surprise to Plaintiff, who is obviously aware of what she owes for medical expenses. *See* Doc. 26, at 2. The Court declines to allow Plaintiff to recover more than double her actual damages due to Defendant's "excusable neglect." Fed. R. Civ. P. 6(b)(1)(b).